## SCHNEIDER *v.* RAPP.

EVIDENCE.— *Cross Examination.* — *Alteration of Written Instrument.* —On the trial of an action on a promissory note given for a quantity of barley sold by the payee to the maker, where the question at issue was, whether the note was executed for the sum specified therein or was made for a sum one hundred dollars less and altered by the payee to the greater sum, the maker, called as a witness by the plaintiff, testified that the signature was his, but, over the plaintiff's objection, further testified that the note had been so altered by the payee after its execution; that the maker could not read English writing; that the note was written by the payee and by him read to the maker as for the smaller sum; whereupon, the payee on his own behalf testified that the sum of one hundred dollars was to be paid in cash on the barley; that when he was writing the note, the maker said he could not then pay the one hundred dollars, whereupon he wrote the note for the larger sum. On cross examination, the payee was asked, whether, when he wrote the note, and before it was signed, he stated to the maker that it was for the smaller sum, and whether he did not so read the note to the maker, which question being objected to as not proper cross examination, the court refused to permit it to be answered.

*Held*, that such refusal was error.

APPEAL from the Ripley Circuit Court.

Suit by Rapp against Schneider, who is the appellant in this court.

The complaint is in two paragraphs. The first is on a promissory note, alleged to have been executed by Schneider to Rapp, for two hundred and ninety-two dollars and seventy-four cents, dated April 15th, 1867, and due five months after date.

The second paragraph is also on a promissory note, executed by Schneider to Rapp for two hundred and ninety-seven dollars, dated April 15th, 1867, payable twenty days after date.

Schneider answered in two paragraphs. The first is to the first paragraph of the complaint, and is verified by affidavit. It alleges, that the note named in that paragraph was executed for the sum of one hundred and ninety-two dollars and seventy-four cents; that the plaintiff wrote the note and read it to the defendant for that sum; that since the execution and delivery of the note, the word "one" has been

Schneider *v.* Rapp.

altered and changed on the face of the note, thereby making it call for two hundred and ninety-two dollars and seventy-four cents, instead of one hundred and ninety-two dollars and seventy-four cents; and that the note is not the act and deed of the defendant, and he never executed the same.

The second paragraph is to both paragraphs of the complaint and alleges, that said notes were given in consideration of two hundred and eighty-seven bushels of barley, sold by the plaintiff to the defendant, to be used for brewing; that the plaintiff, at the time of said sale, warranted said barley to sprout, "fit to make good beer;" that the defendant subjected said barley to the proper process for sprouting, but that it did not and would not sprout; that it was old and unfit for brewing, and was wholly worthless; but that if it had been good barley and had sprouted, as warranted, it would have been worth five hundred and fifty dollars; and he claims damages in the sum of five hundred dollars.

Reply in two paragraphs, first, the general denial; second, that the notes were executed three weeks after the last lot of barley was delivered, and after the defendant had used a part of each lot sold; that the defendant, when he executed the notes, knew that said barley was damaged, and it was then agreed between the parties that the plaintiff should deduct from the price thereof the sum of fifty dollars, in full satisfaction of the damages for the injured condition of the barley, which he then did, and said notes were executed for the residue.

A trial of the issues, by a jury, resulted in a verdict for the plaintiff for the whole amount of both notes.

A motion for a new trial, made by the appellant, was overruled, and judgment was rendered on the verdict.

ELLIOTT, J.—The questions presented to this court upon the record before us arise upon the ruling of the court in overruling the appellant's motion for a new trial.

A bill of exceptions shows that on the trial of the cause

the appellant offered to read in evidence to the jury the note for two hundred and ninety-two dollars and seventy-four cents, referred to in the first paragraph of the complaint, but the court refused to admit the note in evidence, under the first paragraph of the answer, without proof of its execution.    The appellee then called the appellant as a witness, who testified that the signature to the note was his; but on cross examination, and over the appellee's objection, he further testified, that when he signed the note it was for only one hundred and ninety-two dollars and seventy-four cents, and had since been altered, both in the figures in the margin, and in the statement of the amount in the body of the note, to two hundred and ninety-two dollars and seventy-four cents; that he could not read English writing; and that the appellee wrote the note in his presence, and then read it to him as being for one hundred and ninety-two dollars and seventy-four cents.    At the close of this evidence, the court permitted the appellee to read the note in evidence to the jury.    After which the appellee was sworn and testified as a witness in his own behalf, and upon his examination in chief testified, that the note had not been altered since its execution; that the appellant had promised to pay him one hundred dollars cash on the barley, and supposing he would do so, he, the witness, commenced to write the note for one hundred and ninety-two dollars and seventy-four cents, and had made the figures on the margin accordingly, when the appellant said he could not then pay the one hundred dollars; whereupon, he, the witness, wrote the note for two hundred and ninety-two dollars and seventy-four cents and changed the marginal figures to correspond with that amount.

On cross examination, the witness was asked, whether, "when he wrote the note and before it was signed, he stated to the appellant that it was for one hundred and ninety-two dollars and seventy-four cents, and whether he did not so read the note to the appellant." The question was objected to, on the ground that it was not a cross examination of any

matter brought out by the appellee, and was a matter that should be properly introduced by the appellant in support of his answer. The court sustained the objection and refused to permit the question to be answered. The appellant excepted to this ruling of the court, and urged it as a reason for a new trial, and now assigns it for error.

We think the question should have been answered. It related directly to the matter about which the appellee had testified on his examination in chief, and was clearly a proper inquiry on cross examination.

The whole evidence in the case relating to that note tends very strongly to show that the only consideration for the note was a particular lot of barley sold by the appellee to the appellant, and for which there was only due the appellee one hundred and ninety-two dollars and seventy-four cents, which if true would go far to strengthen the claim of the appellant that the note was either altered after its execution, or was erroneously read to the appellant by the appellee, and we cannot say that the answer to the question, had it been permitted, would not have added strength to the other evidence on that point. The question at issue between the parties was an important one, and involved moral turpitude on one side or the other, and the broadest latitude, consistent with established rules of law, should have been allowed in the examination of it, and especially as the parties to the suit were the principal witnesses. But it is contended on the part of the appellee that, under the first paragraph of the answer, the burden was upon the plaintiff to prove the alteration of the note as alleged; that the court erred in refusing to allow the note to be read in evidence without proof of its execution, and that the whole evidence of the appellee was out of time. The question upon whom rests the burden of proof under such an answer need not be discussed, because it is not material in this case. The note had been given in evidence before the appellee was examined as a witness, and if any further evidence on the

part of the appellee as to the execution of the note was premature, still as it was his own voluntary act, he cannot derive any advantage from it. The evidence given by him on his examination in chief was material, and went to the jury, and the appellant should have been allowed the opportunity of a full cross examination.

Another question is discussed by the appellant's counsel, arising upon instructions given by the court to the jury, as to the proper measure of damages upon the breach of warranty under the second paragraph of the answer, and on the refusal of the court to give certain instructions asked by the appellant on the same subject. But as the jury found specially that no such warranty was made, the question raised upon the instructions is an immaterial one, and an examination of it here is unnecessary.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*H. W. Harrington* and *M. K. Rosebrugh,* for appellant.

*W. D. Willson,* for appellee.